IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER EVERETT, ) | |
| ) | Civil Action No. 7:21cv00473 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SOUTHWEST VIRGINIA ) | |
| REGIONAL JAIL ) | By:   Hon. Thomas T. Cullen |
| AUTHORITY, *et al.*, ) | United States District Judge |
| ) | |
| Defendants. ) | |

Plaintiff Christopher Everett, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against the Southwest Virginia Regional Jail Authority ("Jail Authority") and the Tazewell Regional Jail Facility ("Jail"). Everett seeks leave to proceed *in forma pauperis* with this action. Having reviewed Everett's complaint, the court grants his request to proceed *in forma pauperis* but concludes that Everett has failed to state a cognizable federal claim against either of the named defendants. Therefore, the court will dismiss Everett's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Everett alleges that he was arrested on Thursday, March 18, 2021, but was not given his inmate identification and phone numbers until Monday, March 22, 2021. Consequently, he claims that he could not contact his family for four days.

During intake, Everett alleges that he informed the nurse that he had a broken foot. He claims that despite his broken foot being noted in his medical records, he was still housed

"upstairs" and "forced to sleep on [a] top bunk." Everett claims that he tried telling "several guards about this issue but they all ignored it."

Everett further alleges that on May 4, 2021, someone named Jack "forced" him into protective custody housing, where he stayed until June 5, 2021. While in protective custody, Everett was denied access to the "Smart Communication/Grievance System"; was denied cleaning supplies and laundry service; was only allowed to shower twice and the shower room was "dirty"; was only given a mat to sleep on; and was kept on 24-hour lock down so he "could not do anything to try to stay in a healthy condition." He also alleges that "they" used a "wet floor sander to strip the floor down to bare concrete" which caused his cell to "fill up with dust" and to flood, in addition to affecting his breathing

By conditional filing order entered September 30, 2021, the court advised Everett that his complaint failed to adequately state a claim against Jail Authority or the Jail. The court directed him to file an amended complaint within 21 days and advised him that failure to do so would result in dismissal of his complaint. (ECF No. 5.) More than 21 days have passed, and Everett has not filed an amended complaint.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Because a jail is not a legal entity, it is not a "person" subject to suit under § 1983 and Everett cannot maintain this action against the defendant Jail. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (holding that a jail "is

not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued" under § 1983).

But "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 when the entity itself is a "moving force" behind the deprivation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817-18 (1985).

Although a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In this case, even after being given the opportunity to amend his complaint, Everett does not allege that any official policy or custom of the Jail Authority was responsible for the constitutional violations or injuries he allegedly suffered. Therefore, the court concludes that Everett has failed to state a cognizable federal claim against the Jail Authority. Accordingly, the court will dismiss Everett's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

- 4 -

The clerk is directed to forward a copy of this Order to Everett and strike this case from the court's active docket.

**ENTERED** this 29th day of October, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE